## WILLIAM F. WELD *vs.* CITY OF BOSTON.

Essex.   Nov. 8, 1878.— Jan. 21, 1879.   ENDICOTT & LORD, JJ., absent.

On the issue whether a party to a suit had his domicil in a certain city on the first day of May, his declarations as to his residence, in a letter by him to the assessors of the city, in reply to a circular sent to him by them, deeds to him as grantee, in which he was described as of another town, and evidence that he and his son were accustomed to talk over and discuss the affairs of such other town, are all inadmissible in his favor; but deeds to him as grantee, describing him as resident in the city, are admissible against him.

CONTRACT to recover the amount of a tax assessed by the defendant city on the personal property of the plaintiff, on May 1, 1876, and paid by the plaintiff under protest. Trial in this court,

before *Gray*, C. J., who reported the case for the determination of the full court, in substance as follows :

It was admitted that, at some time prior to 1853, the plaintiff changed his legal residence from Boston to Brookline, and retained it there until 1869 or 1870; that during all that time he owned a house in both places, occupying his house in Brookline somewhat more than half the year, including May 1, and his house in Boston the rest of the time; that in 1869 he changed his city residence, and purchased an elegant and valuable estate on the corner of Beacon Street and Arlington Street, which he had since that time occupied, when not at Nahant or temporarily absent.

The plaintiff testified that in April 1870 he carried into effect a purpose previously contemplated, and hired a valuable and convenient estate in Nahant, and on the 28th of that month, having then removed from Brookline, he sent written notices to the assessors of Nahant, of Brookline and of Boston, that he had made his home at Nahant. These notices were admitted in evidence against the defendant's objection and exception. He also testified that he spent the summer of 1870 at this house; that in 1871 he spent most of the summer at Brookline, owing to sickness in his family, which made it impossible for him to leave; that in 1872 he hired and occupied another house at Nahant; and that in 1873 he hired still another house, and the furniture in it, which he had occupied during the season ever since, and that he had been looking for a suitable lot on which to build a house. The length of time spent in Nahant in the years after 1871 was in dispute, and the evidence was contradictory. There was also evidence tending to show that at nearly every town meeting held in Nahant since 1871 and before May 1, 1876, he had been present and voted, and in some of them taken part.

The plaintiff offered in evidence a letter from him to the assessors of Boston, dated May 2, 1876, in answer to a printed circular from them, dated May 1, 1876, in which he stated that he had not been a resident of Boston for more than twenty years; and that he had moved from Brookline to Nahant more than six years before, and was a householder and paid taxes there. This letter was excluded; but he was allowed to testify that he had paid poll and personal taxes in Nahant each year from 1870 to 1875 inclusive.

The defendant identified and put in, without objection, during the cross-examination of the plaintiff, various deeds signed by the plaintiff, in which he was described as of Boston. The defendant also offered in evidence two deeds executed and delivered to the plaintiff as grantee, both dated in October 1877, and in which he was styled "William F. Weld of Boston in the county of Suffolk." The plaintiff objected, but the judge admitted them.

The plaintiff offered in evidence a deed from his son George W. Weld to the plaintiff himself, dated January 1873, in which he was styled as "of Nahant in the county of Essex." Upon the defendant's objection, this deed was excluded.

The plaintiff called his son William G. Weld as a witness, and asked him whether, in conversations between him and the plaintiff, the plaintiff was accustomed to discuss town affairs or to talk over town affairs. But the question was excluded.

The case was submitted to the jury, with instructions which were not excepted to; and no question was raised as to the sufficiency of the evidence (parts only of which were reported) to justify the verdict. The jury returned a verdict for the defendant.

If any of the evidence excluded should have been admitted, or if the admission of the evidence objected to by the plaintiff entitled him thereto, a new trial was to be ordered; otherwise, judgment on the verdict.

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the plaintiff.

*H. W. Putnam*, for the defendant.

MORTON, J. For the reasons stated in *Wright* v. *Boston*, ante, 161, the letter of the plaintiff to the assessors was properly excluded.

The deeds of the plaintiff, in which he described himself as "of Boston," were rightly admitted. The recitals in such deeds were admissions by him that he resided in Boston, and were competent. For the same reasons, the deeds to him in which he was described as of Boston were competent. His acceptance of such deeds without objection was an implied admission of the correctness of the recitals. Though of little weight, the evidence was competent.

The deed from the son of the plaintiff, in which the latter was described as "of Nahant," was rightly rejected. This recital, con

sidered as a declaration of the son was clearly incompetent; considered as a declaration of the plaintiff, implied from his acceptance of the deed, it was a declaration in his own favor, and therefore incompetent. *Wright* v. *Boston*, *ubi supra.*

The plaintiff offered to show that, in conversations between himself and his son, he was accustomed " to discuss and talk over town affairs." It was competent for him, and he was permitted, to show any acts of habitancy, such as residence in Nahant, paying taxes, voting, attending town meetings and taking part in the discussions. But a private conversation or discussion as to town affairs is not an act of habitancy, and, like any other declaration not accompanying an act which may be given in evidence, is not admissible in his favor. We are of opinion that the ruling rejecting this evidence was correct.

*Judgment on the verdict.*