INHABITANTS OF BROOKFIELD *vs.* INHABITANTS OF WARREN

Worcester. Oct. 4, 1879. — Feb. 25, 1880. ENDICOTT & LORD, JJ., absent.

In an action by one town against another for the support of W., a pauper, the issue was whether W. had left the defendant town in 1856, with the intention of acquiring a domicil in the town of A. It appeared that W. went from the defendant town to A. in May 1856, taking with him his tools for shoemaking, some household furniture, and one of his two children, and, after living there two weeks in the house of a relative, returned to the defendant town. The defendant offered to show by a witness that, in the spring of 1856, he met W. at a stable in the defendant town, and W. said to him that he had his goods loaded and was going to A. to live ; that he was going to work on a farm some of the time and at shoemaking the rest; and that he did not see W. again until he returned to the defendant town. *Held,* that it did not appear that the declaration accompanied the act of removal ; and that it was properly excluded.

A man is under no legal obligation to support his stepchild ; and the fact that such child receives aid from a town as a pauper, upon the application of the stepfather, will not make the latter a pauper.

CONTRACT upon an account annexed for money expended by the plaintiff town in the relief of Albert Walker, a pauper, whose settlement was alleged to be in the defendant town. Answer, a general denial. At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

*W. S. B. Hopkins*, for the defendant.

*F. T. Blackmer*, for the plaintiff.

MORTON, J. The plaintiff contended that Walker, the pauper for whose support this action is brought, acquired a settlement in Warren by a residence of ten years, from 1847 to 1857, and the payment of taxes for five years during that period. One question at the trial was whether his residence had been interrupted by his removal to Wales in 1856 with the intention of making his residence there. It appeared that, in May 1856, Walker went to Wales from Warren, taking with him his tools for shoemaking, some household furniture, and one of his two children, and remained in Wales about two weeks, when he returned to Warren. The question whether he went to Wales with the intention of making his residence there was a material question of fact.

The defendant offered the testimony of a witness to the effect " that some time in the spring of 1856 (the date not being

exactly fixed) he met Walker at a stable in Warren, and Walker said to him, that he had his goods loaded and was going to Wales to live, that he was going to work on a farm some of the time and at shoemaking the rest, that he saw no more of Walker in Warren till his return from Wales." The court excluded the testimony, " on the ground that it was a mere declaration not accompanying any act."

The rule is, that declarations, which accompany and give character to an act which is itself competent evidence, are admissible, on the ground that they are parts of the act or *res gestœ*. *Wright* v. *Boston*, 126 Mass. 161. *Weld* v. *Boston*, 126 Mass. 166. The fact that the pauper removed his furniture from Warren to Wales was competent, and any declarations. accompanying the act of removal, and tending to show his purpose and intent, were admissible. But the evidence in this case does not show- that the declaration by the pauper that " he was going to Wales to live " accompanied the act of removal. It seems to have been a casual remark, not made in the course of business, and was the statement of his future intentions not accompanying and giving character to any act which he was then doing. In other words, it was not shown to have been part of any transaction which was itself competent evidence. We cannot say that there was any error in law in the ruling of the presiding justice that it was inadmissible.

The facts, that Walker had applied to the overseers of the poor of Warren to have his stepchildren taken to the almshouse, and that they had been supported by the town, did not prevent his acquiring a settlement in Warren. If he, or, with his consent, his wife or children whom he was bound to support, had been aided as paupers, it would have interrupted his residence in Warren and prevented his acquiring a settlement there. *Charlestown* v. *Groveland*, 15 Gray, 15, and cases cited. But he was under no legal obligation to support the children of his wife by a former marriage, either at common law or under our pauper acts. *Freto* v. *Brown*, 4 Mass. 675. *Worcester* v. *Marchant*, 14 Pick. 510. Gen. Sts. *c*. 70, § 4. The fact, therefore, that his stepchildren, upon his application, received aid from the town, would not operate to make him a pauper.

*Exceptions overruled.*