## Rockwell v. Liston

*Conrad B. Capuzzi* and *Joseph M. George,* for plaintiffs.

*Coldren & Coldren,* for defendant.

ADAMS, *J.,* December 4, 1975 — This case is before the court en banc on motion for summary judgment filed by defendant, alleging that the plaintiff-wife has no cause of action for loss of consortium because she was not married to the injured

plaintiff, Daniel C. Rockwell, on the date that his injuries were sustained.

The action for consortium is a derivative action which arises out of the relationship of husband and wife.

The position of plaintiff, Nancy Rockwell, is that she should be permitted to recover based on the relationship of the parties prior to the accident and the short period of time between the accident and the date of the marriage, approximately one month.

In support of this position, plaintiffs cite Sutherland v. Auch Inter-Borough Transit Company, 366 F. Supp. 127 (1973), where the district court, applying what they believe to be Pennsylvania law, permitted such a recovery. This court is not bound by the findings of the district court and rejects its conclusions.

Although we know of no appellate court decision on this point, Pennsylvania lower courts have held that there is no cause of action unless the parties are married on the date of the accident: Fontana v. Mellott, 4 Adams 162 (1962); Donough v. Vile, 61 D. & C. 460 (1947); Sartori v. Gradison Auto Bus Co., Inc., 42 D. & C. 2d 781 (1967).

In the case of Neuberg v. Bobowicz, 401 Pa. 146, 162 A.2d 662 (1960), in discussing the action for loss of consortium generally, and in refusing to extend the cause of action to a wife for loss of consortium (this case is no longer controlling on that point), the court stated: "

[i]t is, at best, a vague, undefinable and embarrassing left-over from another day and age."

The court further stated:

"Believing the cause of action for 'loss of consortium' to be an anachronism, we are unwilling to extend the rule allowing it to another line of cases."

Based on this, this court is of the opinion that the Supreme Court would be unwilling to extend the rule where there is, in fact, no marriage.

The plaintiff-wife advances the theory that there should be a determination made in each case as to whether the relationship was such between the parties prior to the accident that marriage was reasonably foreseeable. We feel that this is too vague and indefinite a standard to apply in determining as to whether or not a cause of action exists.

In the absence of specific legislation permitting such a suit, this court is of the opinion that the cause of action for loss of consortium should not be extended beyond its present limitation.

Wherefore, the court makes the following

### ORDER

And now, December 4, 1975, defendant's motion for summary judgment is granted.