EDWARD C. ROUSH *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & others.

Middlesex. December 6, 1978. — March 23, 1979.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Employment Security,* Eligibility for benefits, Stepchild. *Statute,* Construction. *Words,* "Child."

An individual otherwise eligible to receive unemployment compensation benefits under G. L. c. 151A is entitled under c. 151A, § 29(*c*), to receive dependency allowances for stepchildren if the stepchildren are wholly or mainly dependent on him for support. [574-576]

PETITION filed in the District Court of Newton on June 13, 1977, for review of a decision of the board of review in the Division of Employment Security.

The case was heard by *Chernoff,* J.

*Frank J. Scharaffa,* Assistant Attorney General (*George Matthews* with him) for the defendants.

*Ann Baum (Robert H. Smith* with her) for the plaintiff.

ABRAMS, J. The question before us is whether an individual eligible for unemployment compensation may obtain a dependency allowance under the Employment Security Law for a wholly dependent stepchild. The controversy centers on the construction of that portion of G. L. c. 151A, § 29 (*c*), as amended through St. 1974, c. 755, § 1, which in pertinent part provides that an "otherwise eligible" unemployed individual is also entitled to a $6 weekly dependency allowance "for each unemancipated child of such individual who in a benefit year is in fact dependent upon and is being wholly or mainly supported by such individual, and who is under the age of eighteen . . . ." We hold that an otherwise eligible individual is entitled to receive dependency allowances for stepchil-

dren if he proves that the stepchildren are a part of his family and are wholly or mainly dependent on him for support.

We summarize the uncontroverted facts. In 1969, Edward C. Roush married Carol Ferlisi. At the time of their marriage, Ms. Ferlisi had custody of her four minor children from a prior marriage. Thereafter, the children lived with Roush and Roush "assumed the financial responsibility for these children in addition to . . . his [two] natural children by this marriage. Over the years, both the Internal Revenue Service and the State Income Tax Department have allowed [Roush] to claim his two natural children and all four stepchildren as dependents."

In September, 1975, Roush's nine-year employment at Boston University was terminated. On September 13, he filed a claim for unemployment compensation which included a claim for a $6 weekly dependency allowance for each of the six children.

An examiner for the Division of Employment Security (DES) granted the dependency allowance to Roush based on Roush's support of his four stepchildren. Thereafter, on February 28, 1976, Roush obtained employment and his unemployment compensation terminated. Approximately one month later, Roush was notified that the DES had determined that he had been overpaid in the amount of $576 because he was not eligible to receive dependency benefits for his four stepchildren. The DES took the position that only the natural parent or the parent by adoption of a dependent child was entitled to receive a dependency allowance under G. L. c. 151A, § 29 (c).

Roush appealed to the District Court. See G. L. c. 151A, § 42. A judge ruled that Roush was entitled to a dependency allowance for his four stepchildren under G. L. c. 151A, § 29 (c). The DES appeals to this court. We affirm the judge's decision.

On appeal, the DES asserts that Roush was not entitled to receive the dependency allowance for his four stepchildren "because he was neither the natural parent nor the

parent by adoption . . . ." The DES maintains that G. L. c. 151A, § 29(c), is intended to provide dependency benefits to a claimant only for those children whom the claimant has a *legal* obligation to support. The DES argues that Roush as a stepfather has no legal obligation to support any of his stepchildren. See *Brookfield* v. *Warren,* 128 Mass. 287, 288 (1880); *Mulhern* v. *McDavitt,* 16 Gray 404, 405 (1860); Rep. A.G., Pub. Doc. No. 12, at 56 (1939). See also *Boucher* v. *Minter,* 349 F. Supp. 1240, 1241 (D. Mass. 1972). The DES asserts that to have benefits paid for unadopted stepchildren would impair the "integrity" of the unemployment compensation fund. Thus, the DES concludes that Roush is not entitled to a dependency allowance for his stepchildren and that he should return the funds so paid.

General Laws c. 151A, § 29 (c), allows a claimant to receive a weekly allowance for each dependent "child of such individual." However, the statute does not define the term "child." Compare 26 U.S.C. §§ 151(e)(3), 152 (1976). By its terms, the Employment Security Law neither expressly excludes nor expressly includes stepchildren in the class of dependents which would entitle a claimant to a dependency allowance.

In construing G. L. c. 151A, however, we are mindful of the express legislative mandate that the Employment Security Law is to be construed liberally to aid the unemployed worker and the worker's family. See G. L. c. 151A, § 74. "Where the [legislative] intent is clear, the statute, if reasonably possible, must be construed to carry out that intent." *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360, 364 (1975), quoting from *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 324 Mass. 32, 36 (1949). See *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.,* 371 Mass. 186, 190-191 (1976); *Interstate Eng'r Corp.* v. *Fitchburg,* 367 Mass. 751, 757 (1975). Cf. *Walsh* v. *Ogorzalek,* 372 Mass. 271, 274 (1977).

The judge determined that a liberal interpretation of the statutory phrase "child of such individual" would

include Roush's minor stepchildren. The judge reasoned that "if the word 'child' is construed as including stepchild, then the purpose of the Employment Security Act would be advanced, in that children who have *in the past* relied on the now unemployed breadwinner for financial support have some, although minimal, alternate means of financial support" (emphasis supplied). We agree.

In its present form, G. L. c. 151A, § 29(c), allows the payment of a dependency allowance to a claimant who demonstrates that a child *in fact* is dependent on him for support. The statute does not require dependency at law.[1] Therefore, the fact that Roush may have had no *legal* obligation to support his stepchildren is not determinative on the issue of dependency benefits.

The purpose of the Employment Security Law is "to lighten the burden which now falls on the unemployed worker and his family." G. L. c. 151A, § 74. "The voluntary assumption of the obligations of parenthood toward children of a spouse by another marriage is one favored

---

[1] Prior to 1973, G. L. c. 151A, § 29(c), limited a claimant's eligibility for a weekly dependency allowance to a payment "for each of his children under age eighteen who is dependent upon him *at law and in fact* in a benefit year" (emphasis supplied). See, e.g., St. 1954, c. 635. Since Roush's stepchildren are not his dependents "at law," the DES argues that Roush is ineligible for dependency benefits for his stepchildren.

However, G. L. c. 151A, § 29(c), was amended in 1973, deleting the requirement that a child be dependent "at law" on a claimant as a condition of the claimant's eligibility for a dependency allowance. See St. 1973, c. 906. The DES asserts that the 1973 amendment was intended only to provide dependency allowances for women who are the principal support of their dependent children. In support of this position, the DES points to the title of the amendatory statute: "An Act permitting dependency allowances to be paid to a woman under the employment security law if she is the main support of her dependent child." St. 1973, c. 906. However, the *text* of St. 1973, c. 906, is not limited to women who are the main support of their dependent children. While "[t]he title to a statute may be considered in determining its construction, yet its apparent scope and extent cannot be extended or restricted by the title itself." *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495, 501 (1939). Cf. *Breault* v. *Ford Motor Co.,* 364 Mass. 352, 353-354 n.2 (1973).

by the law. They may be included under the descriptive word 'family.' " *Coakley's Case,* 216 Mass. 71, 74 (1913). See *Livingston* v. *Hammond,* 162 Mass. 375, 376-377 (1894); *Mulhern* v. *McDavitt,* 16 Gray 404, 406 (1860). Since Roush proved that he had voluntarily undertaken the support of his stepchildren as a part of his family life and that the stepchildren were in fact dependent on him for support, there was no error in permitting him to receive a weekly dependency allowance for his four stepchildren.

*Judgment affirmed.*