DOLORES FELICIANO *vs*. ROSEMAR SILVER COMPANY.

Bristol. October 6, 1987. — November 12, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Husband and Wife,* Consortium. *Negligence,* Causing loss of consortium.

A woman who had lived with a man for approximately twenty years was
   not entitled to recover from a third party for loss of consortium arising
   from personal injuries to the man caused by negligence of the third party
   where, although the man and woman had lived together "as a de facto
   married couple" during those years, they were not legally married until
   some two years after the injuries were sustained. [142-143]

CIVIL ACTION commenced in the Superior Court Department
on February 21, 1984.

The case was heard by *Chris Byron,* J., on a motion for
summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Orlando F. deAbreu* for the plaintiff.

*D. Michael Arter* for the defendant.

O'CONNOR, J. Marcial Feliciano and the plaintiff Dolores
Feliciano commenced an action in the Superior Court against
Miguel Costa and Rosemar Silver Company (Rosemar) claim-
ing that Marcial sustained personal injuries and the plaintiff
sustained loss of consortium due to Costa's wrongful conduct
in the course of his employment by Rosemar. Rosemar moved
for summary judgment on the loss of consortium claim. That
motion was allowed, and the plaintiff appealed. We took the
case on our own initiative. We now affirm the judgment.

According to the plaintiff's deposition and affidavit submit-
ted in connection with Rosemar's summary judgment motion,
Marcial and the plaintiff had lived together as husband and
wife for approximately twenty years before Marcial's injuries

in 1981 "as a de facto married couple," although they were not legally married until 1983. During those years, the plaintiff used Marcial's surname, and the plaintiff and Marcial held themselves out as husband and wife, had joint savings accounts, filed joint tax returns, jointly owned their home, depended on each other for companionship, comfort, love and guidance, and maintained a sexual relationship to the exclusion of all others. The question on appeal is whether, in those circumstances, the plaintiff may recover for loss of consortium. We answer that question in the negative.

"Marriage is not merely a contract between the parties. It is the foundation of the family. It is a social institution of the highest importance. The Commonwealth has a deep interest that its integrity is not jeopardized." *French* v. *McAnarney,* 290 Mass. 544, 546 (1935). Our recognition of a right of recovery for the loss of a spouse's consortium, see *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153 (1973), promotes that value. Conversely, that value would be subverted by our recognition of a right to recover for loss of consortium by a person who has not accepted the correlative responsibilities of marriage. This we are unwilling to do.

Furthermore, as a matter of policy, it must be recognized that tort liability cannot be extended without limit. Distinguishing between the marriage relationship and the myriad relationships that may exist between mere cohabitants serves the purpose of limiting protection to interests and values that are reasonably ascertainable. See *Diaz* v. *Eli Lilly & Co., supra* at 165. That cohabitants must have a "stable and significant" relationship to qualify for loss of consortium recovery, a standard relied on in the case of *Butcher* v. *Superior Court,* 139 Cal. App. 3d 58, 70 (1983), is an unsatisfactorily vague and indefinite standard.

We are not aware that any State court of last resort has recognized a right of recovery for loss of consortium outside of marriage. The two Federal decisions cited by the plaintiff interpreting State law as allowing such recovery, *Sutherland* v. *Auch Inter-Borough Transit Co.,* 366 F. Supp. 127 (E.D. Pa. 1973), and *Bulloch* v. *United States,* 487 F. Supp. 1078

(D.N.J. 1980), were subsequently repudiated in the relevant States. See *Leonardis* v. *Morton Chem. Co.,* 184 N.J. Super. 10 (1982); *Childers* v. *Shannon,* 183 N.J. Super. 591 (1982); *Rockwell* v. *Liston,* 71 Pa. D. & C.2d 756 (1975).

*Judgment affirmed.*