Fremont-Smith, J.
This is an action against Henry Heywood Memorial Hospital (“HHMH”) and Baystate Emergency Medical, Inc. (“Baystate”) in which Delmonica R. Smith alleges that she was raped during a pelvic examination by Dr. Walter Nowak (“Nowak”) who is now deceased. No claim was brought against Nowak’s estate, but plaintiff alleges vicarious liability for negligence, violations of civil rights, and right of privacy, whereas her husband, Ron Smith and son, Aaron Walker, allege loss of consortium, against HHMH and Baystate. Each defendant has moved for summary judgment.
*188 With respect to Count I of the complaint (seeking to hold defendants liable for Dr. Nowak’s wrongful conduct on the basis of respondeat superior), defendants’ motions for summary judgment are ALLOWED. With regard to HHMH, there is no evidence sufficient to establish that the hospital maintained control over Nowak, who was an independent contractor provided by Baystate, so as to satisfy the requirement of control. See Paradoa v. CNA, 41 Mass.App.Ct. 651 (1996). While there may be sufficient evidence of Baystate’s control over Nowak to satisfy Paradoa, supra, no reasonable jury could conclude that Nowak’s rape was committed within the scope of his employment, i.e. was an act of a type he was employed to perform and was motivated, at least in part, by a purpose to serve his employer. See Worcester Insurance Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 404-05 (1990). Nor is the Court aware of any Massachusetts case which extends to hospitals the more encompassing affirmative duty of care which is owed by a common carrier in a tort action such as this. Id., 406-07.[1]
With respect to Count II of the complaint (for negligence of the defendants in failing to supervise Nowak’s conduct) the motion is DENIED with regard to HHMH. Although there was no evidence sufficient to establish that the hospital had notice of any proclivity of Nowak to engage in sexual misconduct (as was the case in Copithorne v. Framingham Union Hospital, 401 Mass. 860 (1988)) there is evidence that a hospital nurse, in violation of hospital procedures, left Nowak in the examining room alone with the plaintiff, which raises a jury question as to whether the hospital, through its nurse, was negligent. With respect to Baystate, however, the motion is ALLOWED, as there is no evidence in the record from which a jury could reasonably infer that Baystate had any actual notice of any proclivity of Nowak for sexual misbehavior.[2]
With regard to Count III of the complaint (for violation of plaintiffs state civil rights) the motions of each defendant are ALLOWED as there is no vicarious liability by respondeat superior for a civil rights violation. See Lyons v. National Car Rental System, Inc., 30 F. 3rd, 240, 245-47 (1st Cir. 1994). This is particularly true where, as here, Nowak, in the commission of rape, was clearly not acting within the scope of his authority and was not carrying out the official policy of the employer. Id.
Defendants’ motions are ALLOWED as to Count IV (for violation of her personal rights, including her right to privacy and to freedom from sexual harassment) as this count is redundant to the previous counts, and is controlled by the same considerations.
Defendants’ motions are ALLOWED as to Count V (the husband, Ron Smith’s, action for loss of consortium) . It is undisputed that Ron was not married to Delmonica at the time of the alleged rape. The fact that they had been living together for three years, had had a child together, and were married one month following the rape, does not give rise to a loss of consortium claim. The Supreme Judicial Court has held that tort liability for loss of consortium will not be extended beyond the period of the marriage relationship, regardless of a cohabitation relationship. Feliciano v. Rosemar Silver Co., 401 Mass. 141, 142 (1987).
With regard to Count VI (for loss of consortium of Delmonica’s minor child) the motions are DENIED with respect to loss of consortium with respect to the surviving counts of the plaintiffs complaint (see above).

 In Worcester Insurance Co., the Supreme Judicial Court did indicate that a hospital might be subject to such a standard of care in an action for breach of contract, which was not alleged here. See Id. at 406, fn 14.

 A subsequent hospital record of Nowak indicating that he had had a previous history of sexual abuse does not, without more, give rise to a reasonable inference that either defendant had actual notice thereof.