ALEXANDRA FITZSIMMONS *vs.* MINI COACH OF BOSTON, INC., & another.[1]
December 10, 2003. *Cohabitation*, Nonmarital. *Damages*, Loss of consortium.

Alexandra Fitzsimmons filed a complaint in the Superior Court alleging a claim for loss of consortium after Sean Brann was seriously injured. Fitzsimmons and Brann are unmarried cohabitees.[2] Fitzsimmons alleges that they have lived together in a monogamous relationship for more than one decade, and have shared finances and other aspects of their lives. A Superior Court judge dismissed Fitzsimmons's complaint, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), for failure to state a claim. See *Feliciano* v. *Rosemar Silver Co.*, 401 Mass. 141 (1987) (no recovery for loss of consortium of cohabitee). We transferred her appeal to this court on our own motion. Fitzsimmons acknowledges that *Feliciano*'s holding bars her claim, but asks that we overrule that case and extend spousal consortium rights to unmarried cohabitees. We decline the invitation, and affirm the judgment below.

We recognize Fitzsimmons's argument that "[s]ocial mores regarding cohabitation between unmarried parties have changed dramatically in recent years and living arrangements that were once criticized are now relatively common and accepted." *Wilcox* v. *Trautz*, 427 Mass. 326, 330 (1998). Nonetheless, our cases clearly distinguish between the "legal rights of married and unmarried cohabitants." *Id.* at 332, and cases cited. A loss of consortium claim presupposes a legal right to consortium of the injured person. *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153, 156 (1973). See *Angelini* v. *OMD Corp.*, 410 Mass. 653, 656-657, 662 (1991) (unless provided otherwise by statute, right of recovery for loss of consortium limited to those with legal relationship to injured party and economic and emotional ties evidencing dependency); *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507, 515-516 (1980) (dependent minor child's claim for loss of parental society viable, given that minor child has legal entitlement to parent's society and support). While Fitzsimmons and Brann well may have a "stable, significant romantic relationship," as she alleges, they chose not to marry and, consequently, have neither the obligation nor the "benefit of the rules of law that govern property, financial, and other matters in a marital relationship." *Wilcox* v. *Trautz, supra* at 330. To recognize a right to recover for loss of consortium by a person who could have but has declined to accept the correlative responsibilities of marriage undermines the "deep interest" that the Commonwealth has that the integrity

---

[1]Colum J. Flaherty.

[2]"Cohabitee" is defined as "[o]ne who cohabits with another outside marriage." 3 Oxford English Dictionary 449 (2d ed. 1989). We use "cohabit" to mean "[t]o live together as husband and wife," *id.* at 448, distinctively referring to "persons not legally married." *Id.*

of marriage "is not jeopardized." *Feliciano* v. *Rosemar Silver Co.*, *supra* at 142, quoting *French* v. *McAnarney*, 290 Mass. 544, 546 (1935).

*Judgment affirmed.*

*Robert R. Pierce* for the plaintiff.

*Eugene F. Nowell* for the defendants.