Billings, Thomas P., J.
For the reasons that follow, Defendants’ Motion to Dismiss Counts Eleven and Twelve of the Plaintiffs’ Complaint is ALLOWED.
*477 FACTS
The Complaint alleges that the defendants, a medical practice group and a licensed practical nurse whom it employed, had a provider-patient relationship with one-year-old Davin Hayes, and that as a result of the defendants’ negligence and gross negligence in responding to his mother’s telephone call seeking advice concerning an illness, Davin died. The Complaint is in twelve counts, pleaded in pairs (each of six causes of action being asserted against each defendant), as follows:
I and 2: Estate of Davin Hayes — negligence/wrongful death.
3 and 4: Estate of Davin Hayes — gross negligence/wrongful death.
5 and 6: Estate of Davin Hayes — conscious pain and suffering.
7 and 8: Danielle Cafarelli Hayes (Davin’s mother)— loss of consortium (of Davin, before he died).
9 and 10: Stephen Hayes (Davin’s father) — loss of consortium (of Davin, before he died).
II and 12: Desirae Hayes — loss of her parents’ consortium.
The present motion is addressed solely to Counts 11 and 12 of the Complaint. These allege that “(a]s a direct and proximate result of the negligence, gross negligence, and carelessness of the defendant(s) Desirae Hayes lost consortium of her parents.”
DISCUSSION
Reading only slightly between the lines, Counts 11 and 12 asserts that as a result of their grief over the loss of their infant son, Danielle and Stephen Hayes were and/or are less able than before to provide their daughter Desirae with the care, companionship and society that are the normal incidents of a healthy parent-child relationship. The issue raised by the present Motion is whether or not Massachusetts law is prepared to recognize such a cause of action. As both sides acknowledge, no reported Massachusetts case addresses the question.
Traditionally at common law, the term “consortium” referred to “a right growing out of the marital relation, which the husband and wife have, respectively, to enjoy the society and companionship and affection of each other in their life together.” Feneff v. New York Cent. & H.R.R.R., 203 Mass. 278, 279 (1909). In Feneff, the SJC barred the door to marital consortium claims based on negligence, limiting recovery to cases in which the loss was caused by an intentional tort (including, most prominently, the torts of alienation of affections and criminal conversation, later statutorily abolished by G.L.c. 207, §47B).
The door was opened to negligence-based marital consortium claims in Diaz v. Eli Lilly & Co., 364 Mass. 153, 154-65 (1973). Seven years later, the SJC permitted a minor child to bring a claim for loss of the economic and/or emotional support of a parent injured by the negligence of another. Ferriter v. Daniel O’Connell’s Sons, 381 Mass. 507, 516 (1980).
In Diaz and Ferriter, the injuries to the spouse and parent, respectively, were physical. In Agis v. Howard Johnson Co., 371 Mass. 140, 146-47 (1976), however, the SJC permitted a consortium claim by a person whose spouse suffered severe emotional distress — but not direct physical injury on account of the defendant’s extreme and outrageous conduct.
The expansion of this area of the common law has not, however, been unlimited. In Norman v. Massachusetts Bay Transp. Auth., 403 Mass. 303 (1988), the SJC held that a parent had no cause of action for loss of his or her child’s consortium resulting from injuries to the child. The Legislature then stepped in with G.L.c. 231, §85X, permitting such claims where a minor child or a dependent adult child “has been seriously injured” by the tortious act of another. The Legislature has left untouched, however, the SJC’s holdings that a plaintiff has no claim for loss of the consortium of an injured sibling, Bobick v. United States Fid. & Guar. Co., 439 Mass. 652, 663-64 (2003), a stepchild, Mendoza v. B.L.H. Elecs., 403 Mass. 437, 438 (1988), or a “de facto” spouse, Feliciano v. Rosemar Silver Co., 401 Mass. 141, 142 (1987). Under Bobick, therefore, Desirae — unlike her parents, see Counts 7-10 — would have no cause of action for loss of Davin’s consortium during the period that he was injured but before his death.
Nor may Desirae recover directly on account of Davin’s wrongful death. “[T]he right to recovery for wrongful death is of common law origin,” but is governed by statute. Gaudette v. Webb, 362 Mass. 60, 71 (1972). That statute, G.L.c. 229, §2, specifies both the class of plaintiffs and the type of damages that may be recovered in the event of the death of a loved one. In the present case, Davin Hayes is survived by his parents and a sibling. Only the parents are statutory takers.
The parents’ damages, moreover, are to be fair compensation for their loss of the decedent, including but not limited to his “reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.” There is no provision for damages on account of the survivors’ grief, bereavement, or emotional distress. See Cimino v. Milford Keg, Inc., 385 Mass. 323, 334 (1982); MacCuish v. Volkswagenwerk A.G., 22 Mass.App.Ct. 390, 393-94 (1986).
“As a general rule, a claim for loss of consortium requires proof of a tortious act that caused the claimant’s spouse [or as here, parents] personal injury.” Sena v. Commonwealth, 417 Mass. 250, 264 (1994) (holding that where the Tort Claims Act’s discretionary function exception precluded recovery by husband and wife for false arrest, it also precluded their recovery for loss of each other’s consortium); see *478 Saxonis v. Lynn, 62 Mass.App.Ct. 916, 919 (2004) (husband had no consortium claim based on defendant’s breach of wife’s employment contract); and contrast Agis, 371 Mass. at 146 (classifying severe, tortiously-inflicted emotional distress as a “personal injury” that may give rise to spouse’s consortium claim).
The present case differs from Sena, in that Desirae’s parents have asserted facially valid claims as takers under the wrongful death statute. It also differs, however, from every case called to my attention in which a recovery for loss of consortium has been allowed. In those cases, the loss of consortium resulted from a compensable personal injury — usually physical, but in Agis, emotional — to the consortium-giver. Here, by contrast, the parents have suffered the loss of their child, but that loss — though compensable (if negligence and causation are proved) — is not a “personal injury” inflicted upon the parents, and their emotional distress — although a personal injury — is not compen-sable.
Another, related consideration also counsels against allowing recovery on Counts 11 and 12. The present-day system of compensation for wrongful death dates back to an amendment effective January 1, 1974, by which the Legislature transformed the statute from one in which damages were punitive in nature, assessed based on the defendant’s culpability, into one allowing compensatory damages for statutorily-described “consortium-like claims." Santos v. Lumbermens Mut. Cas. Co., 408 Mass. 70, 77 (1990); see Eisner v. Hertz Corp., 381 Mass. 127, 130 (1980). The 1974 statute (as amended to the present day) also prescribes who the takers will be, and mandates that their claims be asserted in a single action brought by the estate’s executor or administrator, who therein “presents all claims by the designated category of beneficiaries for damages resulting from wrongful death.” Hallett v. Wrentham, 398 Mass. 550, 556 (1986).
Although the statute does not expressly preclude claims of the sort asserted here, it would be anomalous to allow a sibling to recover for loss of parental consortium brought on by the parents’ emotional distress at losing their other child, when the parents themselves could not recover for their emotional distress, and the sibling could not recover either for her own emotional distress or for her loss of her brother’s companionship and society.
In short: although it is a novel issue, I do not believe that Massachusetts law permits recovery on Counts 11 and 12. They will therefore be dismissed for failure to state a claim upon which relief may be granted.
ORDER
For the foregoing reasons, Defendants’ Motion to Dismiss Counts Eleven and Twelve of the Plaintiffs’ Complaint is ALLOWED.