JUSTICE BAKER,
concurring.
¶39 I join the Court’s opinion and write to emphasize two points. First, loss of consortium claims spring from the common law, not from any statute, and exist to address interests beyond those the statutes on children and families are designed to protect. Second, there are significant legal and policy reasons to support extension of the common law to alow adult children to bring a claim for loss of consortium under appropriate circumstances.
¶40 The Dissent criticizes the Court for characterizing Montana law as part of a “national trend” of expanding circumstances under which a claim for loss of consortium is allowed, opining that a majority of states do not recognize a claim for loss of consortium by adult children. Dissent, ¶ 63. A survey of state case law shows considerable variation among those courts that have considered the question. See Marjorie A. Shields, Annotation, Adult Child’s Eight of Action for Loss of Parental Consortium, 12 A.L.R. 6th 241, § 2 (2006 & Supp. 2014) (noting that “[a] number of courts” recognize an adult child’s right of action for loss of parental consortium in an action involving a nonfatal injury to the parent; that “[a] few courts” have recognized limited rights of an adult child in such cases; and that “[o]ne court declined to recognize an adult child’s right of action for loss of parental consortium” in a nonfatal injury case); Brooks v. Harley-Davidson Motor Co., 2009 U.S. Dist. *41 LEXIS 74867, 9-10 (E.D. Pa. 2009) (citing three states that have not recognized a loss of consortium claim in cases involving relationships between parents and adult children and six states that have recognized a claim by adult children). Neither the parties nor the Dissent cite a case in which a state’s highest court squarely rejected an adult child’s claim for loss of consortium where it previously had recognized such a common law claim for a minor child — the issue we face here.[1]
¶41 In actuality, there appear to be relatively few recent court decisions that decide the issue one way or the other. But much has been written about the topic, and “most legal commentary favors recognition” of a cause of action for a child’s loss of parental consortium, citing such factors as “ the fundamental importance of the parent-child relationship, the genuineness of the loss sustained, and the administrative feasibility of allowing compensation.’ ”131 Am. Jur. Proof of Facts 3d 187, Loss of Consortium in Parent-Child Relationship, § 3 (quoting Jean C. Love, Tortious Interference with the Parent-Child Relationship: Loss of an Injured Person’s Society and Companionship, 51 Ind. L. J. 590, 634 (1976)). Montana accepted this principle in Perece and Keele, when we allowed a minor child to bring a loss of consortium claim for a parent’s injuries.
¶42 Although the Dissent finds no expressed reason to recognize such a claim after the child has reached the age of majority, numerous reasons exist to support this logical extension of existing law. First, this is not an area of the law in which rights of recovery derive from statutory duties. A claim for loss of consortium seeks to compensate for the “aid, protection, affection and society” of the injured person, Bain, *42 223 Mont, at 445, 726 P.2d at 1155, not for financial support that the injured person is charged by statute with providing for a child. It is a claim that has its genesis in the common law, and addresses “injuries to emotional well-being.” 2 Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, The Law of Torts § 392, 583 (2d ed. 2011). Recognizing that the husband had a right at common law to maintain an action for loss of consortium, Dutton held that, as “the purpose of the ‘Married Women’s Act’[2] was to place the wife on a parity with the husband insofar as enforcing contractual rights in the courts,” she also has the right to recover for loss of consortium. “Montana is committed to the common law as the law and rule of decision, absent statutory law, and ... Montana has enacted no statute taking away this common lawright of the husband” to maintain an action for loss of consortium. Dutton, 214 F. Supp. at 300-01. The Married Women’s Act simply served to abolish common law barriers that were based on outdated historical concepts.
¶43 We expressly rejected the argument in Pence that the claim for loss of consortium derived from statutes giving a husband and wife contractual obligations of mutual respect, fidelity, and support. Section 40-2-101, MCA “The inaccuracy of the defendants’ conclusion that the legislature created the claim through § 40-2-101, MCA is proven by the fact that the statute has been on the books since 1895, but it was not until 1986that this Court recognized the claim. The statute merely codifies the policy behind the common law by recognizing that spouses contract with one another for mutual obligations.” Pence, 248 Mont, at 525, 813 P.2d at 432. The same common law rule vesting the husband with all rights to recover for injuries to his wife gave the father an ownership interest in the services of his children and the right to recover the pecuniary value of those services when deprived of them through a defendant’s intentional or negligent conduct. David P. Dwork, Note, The Child’s Right to Sue for Loss of a Parent’s Love, Care and Companionship Caused by Tortious Injury to the Parent, 56 B.U.L. Rev. 722, 726 (1976). These vestiges of the common law slowly have been whittled away by the courts to allow wives and children to bring independent claims in their own rights. Opinion, ¶¶ 22-29.
¶44 Second, the Dissent’s reliance on the statutory basis for damages in wrongful death actions to deny a common law claim in nonfatal injury cases is misplaced. Wrongful death actions are a creature of statute, but actions for personal injury are not. Under Montana law, *43 the legislature enacts statutes to limit rights that otherwise would be available at common law. “Except as otherwise provided by law, each person is responsible not only for the results of the person’s willful acts but also for an injury occasioned to another by the person’s want of ordinary care or skill in the management of the person’s property or person except so far as the person has willfully or by want of ordinary care brought the injury upon the person.” Section 27-1-701, MCA (emphasis added). Moreover, we reaffirmed just recently that “Montana does not statutorily define wrongful death claimants, but through the common law has identified survivors who may claim wrongful death damages, as well as the parameters of recovery.” In re Estate of Bennett, 2013 MT 230, ¶ 11, 371 Mont. 275, 308 P.3d 63 (citing cases).
¶45 In this regard, recovery under Montana’s wrongful death statute is no different from recovery in nonfatal injury cases. Section 27-1-323, MCA, allows a wrongful death claimant to recover “such damages... as under all the circumstances of the case may be just.” Similarly, “[t]he law of torts ’attempts primarily to put an injured person in a position as nearly as possible equivalent to his position prior to the tort.’ ” Sunburst Sch. Dist. No. 2 v. Texaco, Inc., 2007 MT 183, ¶ 32, 338 Mont. 259, 165 P.3d 1079 (quoting Restatement (Second) of Torts § 901 cmt. a (1997); Butler v. Germann, 251 Mont. 107, 110, 822 P.2d 1067, 1069 (1991)). Accordingly, “Montana law provides for monetary compensation to every person who suffers detriment from the unlawful act or omission of another.” Henricksen v. State, 2004 MT 20, ¶ 76, 319 Mont. 307, 84 P.3d 38 (citing § 27-1-202, MCA); see, e.g., Montana Pattern Instructions (MPI2d) 25.00 (published by the State Bar of Montana, 2003) (“If you find for the plaintiff on the question of liability» then you must determine the amount of money which will reasonably and fairly compensate the plaintiff for all loss caused by the defendants), regardless of whether such loss could have been anticipated.”).
¶46 Finally, “courts have increasingly recognized and expanded the field of children’s rights.” Katarina Donohue, Should California Extend its Current Law on Loss of Consortium to the Parent-Child Relationship In Cases Where the Child or Parent Has Been Negligently Injured by a Third Party?, 5 Whittier J. Child & Fam. Advoc. 625, 634 (2005-2006). I have little trouble concluding, as have numerous other courts, “that the two relationships likely to be most severely affected by a negligent injury to a person are the husband and wife relationship and that of the parent and child[.]” Reagan v. Vaughn, 804 S.W.2d 463, *44 466 (Tex. 1990). It certainly is foreseeable that a child will be severely impacted by a serious injury to the parent, even if the child is over eighteen at the time that iqjury occurs.
¶47 The loss of a parent’s “care, companionship, and education” is “a genuine injury, and a serious one.” William L. Prosser, Handbook of the Law of Torts, § 125, 896 (4th ed. 1971); see also Dobbs et al., § 392. Although the legal duty of financial support may in most cases terminate when a child reaches adulthood, but see In re M.A.S., ¶¶ 14-15, the law should not impose such an artificial extinguishment when it comes to the inherent filial right to a parent’s affection, aid, and society. Rather, it is the nature of the parent-child relationship and the destruction of that relationship that should serve to determine whether the cause of action is available.
¶48 Obviously, the older and more independent the child, and the further the distance between child and parent — geographically or emotionally — the more attenuated a loss of consortium claim becomes. Ueland v. Pengo Hydra-Pull Corp., 691 P.2d 190, 195 (Wash. 1984). But the Court today properly leaves to the trial court the decision whether a sufficient claim has been made in the case before it to allow consideration by the jury. Opinion, ¶ 36. Based on the facts to which the parties have stipulated, I concur that such a claim has been stated by Sadee Stucky.

 Of the five states the Dissent cites as having “specifically denied” an adult child’s claim, Dissent, ¶ 63, two do not recognize even a minor child’s claim for loss of consortium when aparent is injured. Lewis v. Rowland, 701 S.W.2d 122, 123(Ark. 1985); Natalini v. Little, 92 P.3d 567, 570 (Kan. 2004). One case considered, and rejected, only the claim of a non-adopted adult step-child. Mendoza v. B.L.H. Electronics, 530 N.E.2d 349, 350 (Mass. 1988). In another, an intermediate appellate court concluded that any extension of a right of action must come from either the legislature or the state’s supreme court. Smith v. Vilvarajah, 57 S.W.3d 839, 844 (Ky. Ct. App. 2000). In the fifth, the Wisconsin Supreme Court decided for the first time that a minor child may bring a cause of action for the loss of a parent’s society and companionship resulting from another’s negligence. Theama v. Kenosha, 344 N.W.2d 513 (Wis. 1984). The injured party’s children were minors when the injury occurred and the case did not involve a claim brought on behalf of an adult child. In a concluding sentence, the court “presently limitfed] recovery under this cause of action to the child’s minority, because the minor is one whose relationship is most likely to be severely affected by a negligent injury to the parent.” Theama, 344 N.W.2d at 522.

 See §§ 36-110, 36-128, R.C.M. (1947).