*798 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, whose wife allegedly suffered certain injuries to her reproductive system due to her in útero exposure to the drug diethylstilbestrol (DES), commenced this action against defendants, several manufacturers of DES, asserting a derivative cause of action for loss of consortium. Prior to trial, defendants moved for summary judgment, contending that plaintiff could not recover for loss of consortium since his wife’s exposure to DES and her resultant injuries occurred before the marriage. That motion was granted, and on appeal, the Appellate Division affirmed.
It is by now well settled that a cause of action for loss of consortium does not lie if the alleged tortious conduct and resultant injuries occurred prior to the marriage (see, Mehtani v New York Life Ins. Co., 145 AD2d 90, 95, lv denied in part and dismissed in part 74 NY2d 835; Briggs v Butterfield Mem. Hosp., 104 AD2d 626; Rademacher v Torbensen, 257 App Div 91).[1] Contrary to plaintiff’s contention, the rationale underlying this rule is not limited to situations where the injuries to the spouse in question are manifest at the time of the marriage. As the Appellate Division explained below: "Consortium represents the marital partners’ interest in the continuance of the marital relationship as it existed at its inception (see, Millington v Southeastern Elevator Co., 22 NY2d 498, 504-505), not upon some guarantee that the marital partners are free of any preexisting latent injuries” (158 AD2d 91, 94; see, Clark v Lilly & Co., 725 F Supp 130, 130-131 [ND NY 1989]).[2]
Plaintiff’s contention that the Legislature’s enactment of the new discovery Statute of Limitations (CPLR 214-c) dictates a different result here is likewise unavailing. As we recently *799 explained in Enright v Lilly & Co. (77 NY2d 377, cert denied — US —, 112 S Ct 197): "[CPLR 214-c] was directed at opening up traditional avenues of recovery by removing a procedural barrier that was unreasonable given the nature of DES injuries. Nothing in the legislation [however] suggests that the Legislature intended to expand the basis for liability” (id., at 384). Similarly, we find plaintiff’s reliance on the so-called revival statute (L 1986, ch 682, §4) to be misplaced. That provision merely temporarily revived certain previously time-barred claims — it did not act to create any new causes of action (see, Metauro v Abbott Labs., 146 Misc 2d 537, 538-539; Walsh v Armstrong World Indus., 700 F Supp 783, 785 [SD NY 1988]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Titone concur; Judges Hancock, Jr., and Bellacosa taking no part.
Order affirmed, with costs, in a memorandum.

. See also, Annotation, Recovery for Loss of Consortium for Injury Occurring Prior to Marriage, 5 ALR4th 300, 301 (noting that most jurisdictions "have denied recovery for loss of consortium where the injury occurs before the marriage”); Prosser and Keeton, Torts § 125, at 932 (5th ed) (same); 2 Speiser, Krause and Gans, The American Law of Torts § 8:22, at 580 (same); Restatement (Second) of Torts § 693, comment h.

. Cf., Walsh v Armstrong World Indus., 700 F Supp 783, 785 (SD NY 1988) (noting that where the injured spouse is in the relatively early stages of a progressive disease at the time of the marriage, a loss of consortium claim may lie in favor of the other spouse, since under such circumstance "both the quality and quantity of consortium [will] decrease with time”).