**Frances CONSORTI, individually and as Executrix of the Estate of John Consorti, Plaintiff–Appellee,**

v.

**OWENS–CORNING FIBERGLAS CORP., Defendant–Appellant.**

**No. 857, Docket 94–7501.**

United States Court of Appeals, Second Circuit.

Argued Nov. 14, 1994.

Decided Jan. 18, 1995.

William G. Ballaine, New York City (Mark S. Landman, Joanna L. Watman, and Siff Rosen, on the brief), for defendant-appellant.

Steven J. Phillips, New York City (Moshe Maimon and Robert I. Komitor, Alani Golanski, Levy Phillips & Konigsberg, on the brief), for plaintiff-appellee.

Before: NEWMAN, Chief Judge, ALTIMARI and LEVAL, Circuit Judges.

JON O. NEWMAN, Chief Judge:

On this appeal from a judgment of the District Court for the Southern District of New York (Robert W. Sweet, Judge), awarding substantial damages against an asbestos manufacturer on account of injury caused by mesothelioma, we have concluded that we should certify an important and recurring question of New York law to the New York Court of Appeals. The question is whether a cause of action lies for loss of consortium where, prior to the marriage, the plaintiff's spouse was exposed to, and ingested, a substance that remained in his body and eventually caused illness, but the illness did not occur until after the marriage. Accordingly, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate, in the form set out below, together with a complete set of briefs, appendices, and record filed by the parties with this Court. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we may dispose of the appeal. The parties are hereby ordered to bear equally such fees and costs, if any, as may be requested by the New York Court of Appeals.

### Certificate

Certificate to the New York Court of Appeals (pursuant to N.Y.Rules of Court § 500.17(b) (N.Y.Ct.App.) (McKinney rev. ed. 1986)).

1. The certified issue in this case concerns New York's substantive law of loss of consortium. Frances Consorti and her husband, John Consorti, sued defendant Owens–Corning Fiberglas Corp. ("OCF") and others for asbestos-related injuries sustained by John Consorti, and consequent loss of consortium suffered by Frances. The suit is part of a consolidated proceeding known as *In re: Joint Eastern and Southern District Asbestos Litigation*. Four cases were tried together in the District Court for the Southern District of New York (Robert W. Sweet, Judge) before a jury. Pertinent to this Certificate, the jury returned a verdict awarding the Consortis more than $20 million, including $12 million for Mr. Consorti's past and future pain and suffering and $6 million for Mrs. Consorti's past and future loss of consortium. The District Court set aside the jury's verdict on the issue of future loss of non-economic consortium, and the parties subsequently stipulated, in lieu of a new trial on this issue, that the value of the loss of future non-economic consortium was $332,-000. Judgment was entered pursuant to Fed.R.Civ.P. 54(b). See Joint Appendix 5662–63. Mr. Consorti died after the trial.

The circumstances relevant to the consortium claim are as follows. The Consortis were married in 1976. John Consorti was exposed to asbestos between 1960 and 1970, and this exposure was a substantial factor contributing to the mesothelioma he later contracted. The Consortis were married in 1976. The plaintiffs presented evidence to show that, in contrast to asbestosis injury, which occurs immediately upon the ingestion of asbestos fibers into the lungs, mesothelioma does not develop until 25 to 30 years after exposure. Mr. Consorti's mesothelioma was diagnosed in 1992. OCF's evidence did not dispute the plaintiffs' account of the etiology of mesothelioma, except to point out that some pre-malignant changes could be observed a couple of years before the disease became manifest. OCF conceded that Mr. Consorti did not have mesothelioma at the time of the marriage.

OCF contends that the consortium claim is barred because Mr. Consorti's exposure to asbestos occurred prior to the marriage. It relies on *Anderson v. Eli Lilly & Co.*, 79 N.Y.2d 797, 580 N.Y.S.2d 168, 588 N.E.2d 66 (1991). That decision stated that a claim for loss of consortium is not available "if the alleged tortious conduct and resultant injuries occur prior to the marriage." *Id.* at 798, 580 N.Y.S.2d 168, 588 N.E.2d 66. It is not clear, however, when New York would consider Mr. Consorti's injury to have occurred for purposes of his wife's consortium claim.

The uncertainty arises from various statements, not all entirely reconcilable, in prior state court decisions. In *Schwartz v. Heyden Newport Chemical Corp.*, 12 N.Y.2d 212, 217, 237 N.Y.S.2d 714, 717, 188 N.E.2d 142, 144 (1963), the Court of Appeals said that "the action accrues only when there is some actual deterioration of a plaintiff's bodily structure." That language seems to support Mrs. Consorti's consortium claim, since her evidence showed that mesothelioma, unlike asbestosis, does not occur until long after the ingestion of the asbestos fibers—which, in Mrs. Consorti's case, was long after the date of her marriage. On the other hand, *Schwartz* held that the injury occurred when the harmful substance was introduced into the plaintiff's body, and seems to be announcing a rule that "the cause of action accrues upon the *introduction* of the harmful substance into the body." *Id.* at 217, 237 N.Y.S.2d at 718, 188 N.E.2d at 144 (emphasis added).

*Schwartz* did not discuss the etiology of the plaintiff's condition, which was a cancer caused by the introduction of a substance placed in the nasal sinuses to make them perceptible in X-rays, and does not seem to have considered the time of deterioration to be a fact question. The opinion looks back to an earlier decision in *Schmidt v. Merchants Desp. Transp. Co.*, 270 N.Y. 287, 200 N.E. 824 (1936), and observes that "Judge Lehman's view in the Schmidt case is right as we must *assume* that the dust immediately acted upon Schmidt's lung tissue." *Id.*, 12 N.Y.2d at 217, 237 N.Y.S.2d at 717, 188 N.E.2d at 144 (emphasis added). The injury in *Schmidt* was pneumoconiosis, in which, as

with asbestosis, some deterioration presumably did occur at the time of first exposure. But *Schmidt* had not spoken of "deterioration" at all, and seems to have accepted a rule based solely on the date when the foreign substance is introduced into the plaintiff's body. *See Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 433, 599 N.Y.S.2d 515, 517, 615 N.E.2d 999, 1001 (1993) (characterizing *Schmidt* as saying that "[d]isease was a consequence of the injury ... not the injury itself, and the injury was complete at the moment the dust was inhaled"). It is *Schwartz* that refers to "deterioration" and then appears to have made the concept irrelevant by declining to make a factual inquiry concerning when deterioration began.

*Fusaro v. Porter–Hayden Co.*, 145 Misc.2d 911, 548 N.Y.S.2d 856 (Sup.Ct.1989), *aff'd*, 170 A.D.2d 239, 565 N.Y.S.2d 357 (1st Dep't 1991), is arguably helpful to Mrs. Consorti, since it says that a mesothelioma injury does not occur at the moment of exposure, but only at some much later point when the cancer develops; in Mrs. Consorti's case, this was after her marriage. The precise moment when the cancer develops is irrelevant in her case since, as noted, the defendant conceded that Mr. Consorti did not contract mesothelioma until after the marriage. The force of *Fusaro* as an aid to Mrs. Consorti's claim is placed in some doubt by the fact that the decision seems to have been influenced by the salutary purposes of New York's Toxic Tort Revival Statute, N.Y.Laws 1986 Ch. 682 § 4, and discovery-of-injury limitations rule, CPLR 214–c, and *Anderson* instructs us that these provisions do not help a consortium claim that is unavailable by reason of a pre-marital injury. *Fusaro* nonetheless may correctly reflect modern New York law for purposes of determining when a mesothelioma injury occurs. As Justice Freedman pointed out, the plaintiff's decedent in *Fusaro* could not have successfully sued for the mesothelioma injury immediately after exposure to asbestos because "the likelihood that any asbestosis victim ... would contract mesothelioma is substantially below 50%." *Fusaro*, 548 N.Y.S.2d at 859.

In the pending case, Judge Sweet concluded that the consortium claim was valid be-

cause Mr. Consorti did not have mesothelioma at the time of the marriage. *In re New York Asbestos Litigation,* 847 F.Supp. 1086, 1104 (S.D.N.Y.1994). If the consortium claim turns instead on whether the disease, though first occurring after the marriage, results from pre-marital exposure to asbestos, it should have been rejected. Another possibility, in some cases of this sort, is that the consortium claim is valid because the mesothelioma disease developed after the marriage, but the value of the claim is limited to the incremental loss of consortium attributable to the mesothelioma disease occurring in a spouse who, prior to the marriage, was exposed to asbestos and suffering from asbestosis. In Mrs. Consorti's case, however, the record contains no evidence that Mr. Consorti's asbestosis caused adverse consequences, either to him or to his wife.

2. The question therefore presented is whether, and to what extent, a consortium claim based on mesothelioma, occurring after a marriage but resulting from exposure to asbestos occurring before the marriage, is a valid claim under New York law.

3. The question should be decided by the New York Court of Appeals because the state court decisions do not yield a clear answer and the question can be expected to recur in a significant number of cases. In certifying the question as framed, we do not intend to restrict the consideration of the New York Court of Appeals and would welcome any guidance the Court deems it appropriate to provide us with respect to the viability of Mrs. Consorti's claim for loss of consortium.