Martin v. C.R. Bard, Inc.          CV-98-318-SD  01/06/99
            UNITED STATES DISTRICT COURT FOR THE

                DISTRICT OF NEW HAMPSHIRE


<u>John P. Martin</u>

        v.                          Civil No. 98-318-SD

<u>C.R. Bard, Inc.</u>


                        O R D E R


        This matter is before the court on plaintiff's objection

to an order of the magistrate judge.  Document 17.  In turn,

defendant objects to plaintiff's attempt to alter such order.

Document 18.


1.  <u>Background</u>

        In this litigation, plaintiff John P. Martin seeks recovery

for injuries caused him on June 5, 1997, by an allegedly

defective catheter manufactured by defendant C.R. Bard, Inc.  As

of that date, plaintiff was living apart from his legal wife, but

cohabiting with Susan Hager.

        The complaint in this case was filed May 14, 1998.[1]

Plaintiff's divorce was finalized on October 2, 1998, and he

_____

        [1]Plaintiff subsequently filed his first amended complaint on
June 10, 1998, in which he corrected an error as to the proper
identity of the defendant.

married Susan Hager on October 11, 1998. By motion dated November 13, 1998, plaintiff moved to amend the complaint to add Susan Hager as a plaintiff and to permit her to seek recovery for loss of consortium. Document 11.

Defendant objected to the motion to amend. Document 14. The magistrate judge denied the motion to amend. Document 15.

## 2. Discussion

Reconsideration of matters referred, as here, to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) is limited to rulings shown to be "clearly erroneous or contrary to law." For reasons that follow, the court finds that such showing cannot here be made.

A claim for loss of consortium is a claim for compensation grounded on interference with the marriage relation. In New Hampshire, the right of consortium is created by a statute which provides, in relevant part,

> In a proper action, either a wife or husband is entitled to recover damages for loss or impairment of right of consortium whether caused intentionally or by negligent interference. . . .

New Hampshire Revised Statutes Annotated (RSA) 507:8-a.

It is the general rule, followed in the majority of jurisdictions in the United States, that a marriage relation between the parties must exist at the time one of the parties is

injured before the other party may recover for loss of consortium. 41 AM. JUR. 2D *Husband and Wife* § 252, at 166-67 (Lawyers Coop. Pub. 1995); 41 C.J.S. *Husband and Wife* § 117, at 412 (West 1991); <u>Anderson v. Eli Lilly & Co.</u>, 588 N.E.2d 66, 67, 79 N.Y.2d 797, 798 (1991); <u>Feliciano v. Rosemar Silver Co.</u>, 514 N.E.2d 1095, 1096 (Mass. 1987);[2] <u>Sawyer v. Bailey</u>, 413 A.2d 165, 166-69 (Me. 1980); <u>Schroeder v. Boeing Commercial Airplane Co.</u>, 712 F. Supp. 39, 40-43 (D.N.J. 1989) (collecting cases).

I find unpersuasive plaintiff's suggestion that to deny a right of recovery to a spouse married post-injury somehow runs afoul of the rights of equal protection embodied in the New Hampshire constitution. This is so because the first question in an equal protection analysis is whether the state action in question treats similarly situated persons differently; if persons are not similarly situated, no equal protection problem is involved. <u>LeClair v. LeClair</u>, 137 N.H. 213, 624 A.2d 1350 (1993). Those who are legally married assume correlative rights

---

[2]The facts in <u>Rosemar</u> are somewhat similar to those here before the court. The parties had created a "de facto husband and wife" married relationship for 20 years before the injury to the husband in 1981; they held themselves out as husband and wife with joint savings account, filing of joint tax returns, and joint ownership of their real estate; and they also maintained a sexual relationship to the exclusion of all others. However, they did not marry until 1983.

and responsibilities markedly differently from those who do not enter into the married state.[3]

In short, I find that were the question squarely before it the New Hampshire Supreme Court would follow the majority rule and hold that recovery for the loss of consortium afforded by RSA 507:8-a is limited to those legally married at the time of the alleged injury to the impaired spouse.

## 3. Conclusion

Plaintiff has failed to show that the order of the magistrate judge was "clearly erroneous or contrary to law." Accordingly, the objection is overruled and the order of the magistrate judge is herewith affirmed in all respects.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 6, 1999

cc:   Bryan K. Gould, Esq.
      John E. Friberg, Esq.

_____

[3]Moreover, New Hampshire does not recognize the validity of a common-law marriage except pursuant to the provisions of RSA 457:39. In re Buttrick, 134 N.H. 675, 677, 597 A.2d 74, 76 (1991). That statute requires publicly acknowledged cohabitation for three years and until the death of one of the parties. Its conditions are not met in the circumstances of this case.

4