■ JEANETTE M. HOLMES, Appellant, v MAIMONIDES MEDICAL CENTER et al., Respondents. [943 NYS2d 573]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 4, 2011, as granted the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging loss of consortium.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 7, 2006, the defendant Joseph Cunningham performed surgery onWilliam Cruz at the defendant hospital, the Maimonides Medical Center. Cruz married Jeanette M. Holmes on December 9, 2006, and shortly thereafter, they commenced this action, inter alia, to recover damages for medical malpractice and loss of consortium. On September 26, 2009, Cruz died, and Holmes was appointed administrator of Cruz's estate. Holmes moved, among other things, to consolidate this action with an action she brought to recover damages for wrongful death. In the order appealed from, the defendants cross-moved to dismiss the cause of action to recover damages for loss of consortium. The Supreme Court, inter alia, granted that branch of the motion which was to consolidate this action with the wrongful death action, and granted the cross motion. Holmes appeals from so much of the order as granted the cross motion. We affirm the order insofar as appealed from.

A "cause of action for loss of consortium does not lie if the al-

leged tortious conduct and resultant injuries occurred prior to the marriage" (*Anderson v Eli Lilly & Co.*, 79 NY2d 797, 798 [1991]; *see Briggs v Butterfield Mem. Hosp.*, 104 AD2d 626 [1984]). Accordingly, Holmes cannot recover on her loss of consortium claim for any malpractice that occurred prior to December 9, 2006, including the surgery (*see Anderson v Eli Lilly & Co.*, 79 NY2d at 798; *Cliquennoi v Michaels Group*, 178 AD2d 839, 841 [1991]; *Lesocovich v 180 Madison Ave. Corp.*, 165 AD2d 963 [1990]; *Briggs v Butterfield Mem. Hosp.*, 104 AD2d at 626). To the extent that Holmes argues on appeal that there were separate acts of malpractice that occurred after the marriage (*see Torres v Hyun Taik Cho*, 28 Misc 3d 435, 438 [2010]), this argument, raised for the first time on appeal, is not properly before this Court (*see Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 617 [2012]; *Spagnole v Staten Is. Univ. Hosp.*, 77 AD3d 816 [2010]).

Holmes's contention that New York should recognize that she and Cruz had been married because they previously held themselves out as husband and wife while vacationing in Pennsylvania is without merit. "[A]lthough New York does not itself recognize common-law marriages, a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted" (*Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292 [1980] [citations omitted]). Here, however, Holmes failed to sufficiently allege that she and Cruz entered into a common-law marriage in Pennsylvania (*cf. Matter of Catapano*, 17 AD3d 672, 673 [2005]; *Matter of Landolfi*, 283 AD2d 497, 499 [2001]).

Holmes's remaining contention is without merit. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.