FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 OCT 30 AM 9: 01

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JESSICA VANCE and JUSTIN VANCE, husband and wife, and their marital community, | ) ) ) ) | No. 76092-1-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| FARMERS INSURANCE COMPANY, | ) ) | |
| Respondent Intervenor, | ) ) | |
| MEHMET SOLAK and JANE DOE SOLAK, husband and wife, and their marital community, if any; and GABRIELLE MCMAUGH and JOHN DOE MCMAUGH, husband and wife, and their marital community, if any; and AMANDA B. YATES and JOHN DOE YATES, husband and wife, and their marital community, if any; and JUSTIN VANCE, a married person; and MAHLET A. GETACHEW and JOHN DOE GETACHEW, husband and wife, and their marital community, if any; and DESTA WORKNEH and JOHN DOE WORKNEH, husband and wife, and their marital community, if any; and JASON SMITH and JANE DOE SMITH, husband and wife, and their marital community, if any, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Defendants. | ) ) | FILED: October 30, 2017 |

SCHINDLER, J. — As a general rule, a spouse cannot bring a claim for loss of consortium when injury to the spouse that causes the loss occurs before marriage. Justin Vance appeals summary judgment dismissal of his claim for loss of consortium. Justin cites an out-of-state case to argue that because he and his spouse Jessica Vance were in a committed intimate relationship before the marriage, he should be allowed to bring a claim for loss of consortium. We adhere to the Washington Supreme Court decision in Green v. A.P.C., 136 Wn.2d 87, 960 P.2d 912 (1998), and affirm summary judgment dismissal of his loss of consortium claim.

Justin Vance and Jessica King began dating in January 2008. Approximately six months later, they got engaged and were living together.

On November 6, 2010, Jessica was driving a rental car when a van rear-ended the car. Jessica got out of the car. The driver, Mehmet Solak, got out of the van. As Solak was giving his driver's license information to Jessica, the driver of another car, Gabrielle McMaugh, collided with Solak's van, injuring Jessica and Solak.

After the November 2010 car accident, Jessica and Justin decided to get married in Mexico on May 27, 2011.

On May 7, 2011, Justin was driving his BMW southbound on Aurora Avenue North. Jessica was in the front passenger seat. As Justin turned left into a driveway, a car hit the BMW on the passenger side. Mahlet Getachew was the driver of the car.

Jessica said the collision " 'reaggravated' " her right knee and bruised her arm. Justin and Jessica cancelled the May wedding and the trip to Mexico. They rescheduled the wedding for May 7, 2012 in Saint Lucia.

On November 21, 2011, Jessica was driving on Interstate 405. Jessica "T-boned" a truck with her car. The truck driver was Jason Smith.

Jessica and Justin got married in Saint Lucia on May 7, 2012.

On November 5, 2013, Justin and Jessica as husband and wife and on behalf of the marital community filed a complaint for damages against Solak and McMaugh for the car accident on November 6, 2010; Justin Vance and Getachew for the car accident on May 7, 2011; and Smith for the car accident on November 21, 2011.[1] The complaint alleged the negligence of the defendants caused "severe" injuries to Jessica. Jessica sought medical expenses, lost earnings, property damage, and general damages. The defendants denied the allegations and asserted affirmative defenses.

In 2010 and 2011, Jessica was insured by Farmers Insurance Company (Farmers). The insurance policy included underinsured motorist coverage. On February 21, 2014, Farmers filed a motion to intervene in the lawsuit. The court granted the motion.

Justin filed a motion for summary judgment on loss of consortium. Justin argued the undisputed facts showed he suffered loss of consortium as a result of the car accidents. In opposition, the defendants and Farmers pointed out the complaint did not allege a claim for loss of consortium and Justin was not married

---

[1] Justin and Jessica also sued the registered owner of the car McMaugh was driving, Amanda Yates; and the registered owner of the car Getachew was driving, Workneh Desta.

to Jessica at the time of the car accidents. The court denied Justin's motion for summary judgment.

Justin filed a motion to file an amended complaint to add loss of consortium and negligent infliction of emotional distress. On February 10, 2015, the court entered an order granting the motion to file an amended complaint without prejudice to the defense filing motions "on legal sufficiency, relation back and the statute of limitations."

In answer to the amended complaint, Farmers asserted Justin cannot "state a claim upon which relief can be granted" because Justin and Jessica were not married when the car accidents occurred in 2010 and 2011.

> Plaintiff was not married to Jessica at the time Jessica Vance was involved in the accidents which form the bases for this matter.
> There is no cognizable legal claim in law or fact for loss of consortium and/or other damages claimed by Plaintiff Justin Vance.

Following a mediation on March 17, 2015, Jessica settled her claims against the defendants and Farmers.

On May 21, Farmers filed a motion for summary judgment dismissal of Justin's claim for loss of consortium and negligent infliction of emotional distress. Citing Green v. A.P.C., 136 Wn.2d 87, 960 P.2d 912 (1998), Farmers argued because Justin was not married to Jessica at the time of the car accidents, as a matter of law, he did not have a claim for loss of consortium.

> Mr. Vance's claims are based solely upon the injuries plaintiff Jessica Vance allegedly experienced as a result of the three separate motor vehicle accidents at issue in this lawsuit; Mr. Vance is not claiming that he suffered any personal injuries. However, Mr. Vance was not married to Jessica Vance at the time of any of the three accidents. As a result, he has no cognizable claims for loss

4

of consortium, and thus his claims for loss of consortium should be dismissed with prejudice as a matter of law.

Farmers argued Justin could not establish negligent infliction of emotional distress because the undisputed evidence showed he was not present at the first car accident in 2010 or the third accident in November 2011, and he presented no evidence of "objective symptomology relating to the second accident" in May 2011.

Justin filed a cross motion for summary judgment. Justin conceded that in Washington, unmarried persons are not entitled to loss of consortium. Justin argued the court should follow the decision of the New Mexico Supreme Court, Lozoya v. Sanchez, 133 N.M. 579, 66 P.3d 948 (2003), abrogated on other grounds by Heath v. La Mariana Apartments, 143 N.M. 657, 180 P.3d 664 (2008), that recognizes loss of consortium for a partner in a committed intimate relationship (CIR).

In response, Farmers asserted the New Mexico Supreme Court decision in Lozoya "has not been adopted by any other jurisdiction." Farmers also asserted the evidence "does not warrant a finding that a 'committed intimate relationship' existed as a matter of law." In the alternative, Farmers argued there were material issues of fact on whether Justin and Jessica could establish a CIR.

At the hearing on the cross motions for summary judgment, Justin told the court he was not "necessarily seeking . . . summary judgment on whether or not a committed intimate relationship existed, but rather that we have the right to present that evidence at trial should you rule in our favor today." The court

5

denied Justin's motion for summary judgment. The court entered an order granting summary judgment dismissal of "all claims by plaintiff Justin Vance."

Jessica and Justin filed a notice of appeal to the Washington Supreme Court of the "Order Denying Plaintiff Justin Vance's Second Motion for Summary Judgment RE: Loss of Consortium & Related Claims" and the "Order Granting Intervenor Farmers Insurance Company's Motion for Summary Judgment to Dismiss All Claims of Plaintiff Justin Vance." The Supreme Court transferred the appeal to this court.

Jessica and Justin cite the New Mexico Supreme Court decision in Lozoya to argue unmarried persons in a CIR should have the right to assert a loss of consortium claim. Farmers contends the Washington Supreme Court decision in Green controls.

We review a trial court's decision on summary judgment de novo. Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794, 64 P.3d 22 (2003). Summary judgment is appropriate if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. Michak, 148 Wn.2d at 794-95.

Loss of consortium is a claim for loss of society, affection, assistance, and conjugal fellowship and loss or impairment of sexual relations in the marital relationship. Reichelt v. Johns-Manville Corp., 107 Wn.2d 761, 773, 733 P.2d 530 (1987); Ueland v. Pengo Hydra-Pull Corp., 103 Wn.2d 131, 132 n.1, 691 P.2d 190 (1984). A loss of consortium claim is an independent and separate

claim, not a derivative claim. <u>Oltman v. Holland Am. Line USA, Inc.</u>, 163 Wn.2d 236, 250, 178 P.3d 981 (2008).

In <u>Christie v. Maxwell</u>, 40 Wn. App. 40, 47-48, 696 P.2d 1256 (1985), we held the spouse in a marital relationship has the right to bring a loss of consortium claim, but "there would be no injury to [the wife's] consortium rights without the accompanying physical injury to her spouse, and the existence of the marital relationship."

In <u>Green v. American Pharmaceutical Co.</u>, 86 Wn. App. 63, 68, 935 P.2d 652 (1997), we held the general rule in Washington and the majority of courts in other states is "that a spouse can bring a loss of consortium action only when a marriage exists at the time of the tortious conduct and the resultant injury." (Citing <u>Christie</u>, 40 Wn. App. at 47-48; <u>Stager v. Schneider</u>, 494 A.2d 1307 (D.C. 1985); <u>Sawyer v. Bailey</u>, 413 A.2d 165 (Me. 1980); <u>Tremblay v. Carter</u>, 390 So.2d 816 (Fla. Dist. Ct. App. 1980)). But we concluded the general rule did not bar a claim for loss of consortium for an unknown latent toxic tort that the spouse could not have discovered before marriage. <u>Green</u>, 86 Wn. App. at 68. The Washington Supreme Court affirmed. <u>Green</u>, 136 Wn.2d at 103.

The Supreme Court agreed the rule in Washington and the majority of other states is that "a loss of consortium claim does not lie when the injury to the spouse that caused the loss of consortium occurred prior to the marriage."

Green, 136 Wn.2d at 101.[2] A person should not be permitted to "marry a cause of action" and "assumes . . . the risk of deprivation of consortium arising from any prior injury." Green, 136 Wn.2d at 101. The court in Green adopted a narrow exception to the rule where an unknown latent toxic injury to the affected spouse was "latent and unknown" at the time of the marriage. Green, 136 Wn.2d at 101-02. The court held, "[L]oss of consortium damages should be available for a premarital injury if the injured spouse either does not know or cannot know of the injury." Green, 136 Wn.2d at 102.[3]

Justin does not contend the exception in Green applies. Justin cites Lozoya to argue a person in a CIR should be allowed to assert a loss of consortium claim.

In Lozoya, the New Mexico Supreme Court held that "as a matter of first impression under New Mexico law . . . a claim for loss of consortium is not limited to married partners." Lozoya, 133 N.M. at 582. The New Mexico Supreme Court recognized the decision represented a minority view—"we note that no other

---

[2] See also LeFiell Mfg. Co. v. Superior Court of Los Angeles County, 55 Cal. 4th 275, 284-85, 282 P.3d 1242 (2012) ("Such a claim at common law" includes " 'a valid and lawful marriage between the plaintiff and the person injured at the time of the injury.' ") (quoting Hahn v. Mirda, 147 Cal. App. 4th 740, 746 n.2, 54 Cal. Rptr. 3d 527 (2007)); Holmes v. Maimonides Med. Ctr., 95 A.D.3d 831, 831-32, 943 N.Y.S.2d 573 (N.Y. App. Div. 2012) (A " 'cause of action for loss of consortium does not lie if the alleged tortious conduct and resultant injuries occurred prior to the marriage.' ") (quoting Anderson v. Eli Lilly Co., 79 N.Y.2d 797, 798, 588 N.E.2d 66 (1991)); Feliciano v. Rosemar Silver Co., 401 Mass. 141, 142, 514 N.E.2d 1095 (1987) ("[T]hat value [of marriage] would be subverted by our recognition of a right to recover for loss of consortium by a person who has not accepted the correlative responsibilities of marriage."); Gillespie-Linton v. Miles, 58 Md. App. 484, 495, 473 A.2d 947 (Md. Ct. Spec. App. 1984) ("[W]e hold that only injury to a marital relationship which exists at the time of the injury can support an action for loss of consortium.") (emphasis in original).

[3] We also note the legislature has created a right for a child, parent, or spouse to bring an action for wrongful death where loss of consortium is an element of the recovery, RCW 4.20.020, and a right for parents to recover for "loss of love and companionship" of their child, RCW 4.24.010, but has not allowed partners in a CIR to recover for loss of consortium.

State in the union currently allows unmarried cohabitants to recover for loss of consortium." Lozoya, 133 N.M. at 585.

The New Mexico court adopted an eight-factor test for the jury to determine "whether an intimate familial relationship exists for loss of consortium purposes" and is "significant enough to recover." Lozoya, 133 N.M. at 588.

> "That standard must take into account the duration of the relationship, the degree of mutual dependence, the extent of common contributions to a life together, the extent and quality of shared experience, and . . . whether the plaintiff and the injured person were members of the same household, their emotional reliance on each other, the particulars of their day to day relationship, and the manner in which they related to each other in attending to life's mundane requirements."

Lozoya, 133 N.M. at 588[4] (quoting Dunphy v. Gregor, 136 N.J. 99, 112, 642 A.2d 372 (1994)).

Unlike in the New Mexico case, the CIR doctrine in Washington is equitable in nature. In re Marriage of Pennington, 142 Wn.2d 592, 602, 14 P.3d 764 (2000). The equitable CIR doctrine in Washington evolved to protect unmarried parties who acquire property during their relationship. Pennington, 142 Wn.2d at 602. In determining the existence of a CIR, the court considers several factors that are neither exclusive nor hypertechnical. Pennington, 142 Wn.2d at 601-02. No one factor is more important than another and the court examines the particular circumstances of each case to determine if a CIR exists. Pennington, 142 Wn.2d at 605.

We adhere to the general rule in Washington that a spouse does not have a claim for loss of consortium when the injury to the spouse that causes the loss

---

[4] Alteration in original.

occurs before marriage, and affirm summary judgment dismissal of Justin's claim for loss of consortium.

WE CONCUR: