Jones v Cattaraugus-Little Val. Cent. Sch. Dist. (2025 NY Slip Op 01007)

Jones v Cattaraugus-Little Val. Cent. Sch. Dist.

2025 NY Slip Op 01007

Decided on February 20, 2025

Court of Appeals

Troutman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 20, 2025

No. 107 

[*1]Brittany N. Jones, & c., Appellant,
v
Cattaraugus-Little Valley Central School District, Respondent.

Virginia Hinrichs McMichael, for appellant.
Patrick J. Hines, for respondent.
CHILD USA, amicus curiae.

TROUTMAN, J.

In 2019, the legislature passed the Child Victims Act (CVA), which provided that previously time-barred tort claims based on sex offenses against children could be brought within a specified time (see CPLR 214-g). As amended, the CVA provided that such a claim "is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after" February 14, 2019—i.e., "the effective date of this section" (id.). In other words, actions on these claims could be commenced "not earlier than" August 14, 2019 and "not later than" August 14, 2021.
In response to a question certified by the United States Court of Appeals for the Second Circuit, we answer that the six-month waiting period preceding August 14, 2019, the date on which previously barred claims could be brought, is neither a statute of limitations nor a condition precedent.
On April 26, 2019, plaintiff commenced a negligence action in state court against defendant, alleging that a teacher employed in one of defendant's schools engaged in unlawful sexual conduct with her in and around 2009 and 2010, when she was a student under age 17, and that, in 2013, as a result of that conduct, the teacher pleaded guilty to rape in the third degree. Defendant removed the case to federal court based on plaintiff's out-of-state residence and filed an answer wherein defendant asserted, among others, an affirmative defense based on the statute of limitations. [*2]Over the next 28 months, defendant filed numerous motions and conducted discovery, demanding medical authorizations from plaintiff and participating in the depositions of at least five witnesses.
On September 3, 2021, defendant moved for summary judgment dismissing the complaint on statute of limitations grounds. Defendant argued, for the first time, that the complaint must be dismissed because plaintiff commenced her action before CPLR 214-g's period for filing claims began. Significantly, defendant filed its motion less than three weeks after the statutory period for filing claims ended, meaning that plaintiff would be unable to recommence a timely action if defendant's motion succeeded. The District Court granted the motion on the ground that plaintiff "commenced this action before the date the New York legislature authorized for the commencement of suits under the CVA" (19-CV-707S, 2022 WL 2124608, at *9, 2022 US Dist LEXIS 105107, *24-25 [WDNY June 13, 2022]). The District Court noted that plaintiff "concedes that she commenced her action prematurely, but argues that this Court should find that [defendant] is equitably estopped from asserting this defense" (2022 WL 2124608, at *3) and ultimately rejected that defense (see id. at *9).
The Second Circuit stated that "[c]entral to the district court's decision was its assumption that Jones's premature filing created a valid statute-of-limitations defense for the school district" and opined that resolution of the appeal "turns on whether section 214-g's waiting period is a statute of limitations, since . . . a defendant may litigate a statute-of-limitations defense even as late as trial so long as the defense was timely asserted under Federal Rule of Civil Procedure 8(c)" (96 F4th 539, 541-542 [2d Cir 2024]). The court concluded that the "plain meaning" of "hereby revived" is that "such revival occurred immediately, and without qualification," on the CVA's effective date (id. at 542), and that, "having revived otherwise time-barred claims, the CVA imposed both a start date and an end date for commencing actions thereon, resulting in a two-year filing window" (id. at 543). The court also concluded that the end date was a statute of limitations but was "[l]ess clear" whether the start date was also a statute of limitations (id. at 543-544). The court thus certified the following question to us: "Whether the six-month waiting period for claims filed pursuant to the claim-revival provision of New York's Child Victims Act, [CPLR 214-g], establishes a statute of limitations, a condition precedent to bringing suit, or some other affirmative defense" (id. at 546).
In deciding that claims were revived "immediately" on the CVA's effective date (id. at 542), the Second Circuit decided an open question of New York law concerning the proper statutory interpretation of the CVA. We accept, without endorsing, the Second Circuit's interpretation for purposes of our answer to the question certified. We conclude that the six-month waiting period is neither a statute of limitations nor a condition precedent.
Under defendant's interpretation, the six-month waiting period constitutes a statute of limitations such that actions commenced before the two-year window began—but having already been revived upon the statute's effective date pursuant to the Second Circuit's interpretation of the CVA—are time-barred. But a statute of limitations is "[a] law that bars claims after a specified period" (Black's Law Dictionary [12th ed 2024], statute of limitations [emphasis added]). In other words, a statute of limitations generally bars claims asserted too late, whereas defendant's assertion here is that plaintiff's claim was brought too early. Unsurprisingly, defendant can point us to no precedent in which a statute of limitations barred premature claims.
Nor does a waiting period like this one further the policies underlying a statute of limitations. Statutes of limitations "reflect the legislative judgment that individuals should be protected from stale claims" (McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]; see Lozano v Montoya Alvarez, 572 US 1, 14 [2014]) and thus "are designed to prevent plaintiffs from sleeping on their legal rights to the detriment of a defendant" (Tanges v Heidelberg N. Am., 93 NY2d 48, 55 [1999]). The CVA's six-month waiting period does not "embody a 'policy of repose' " (Lozano, 572 US at 14), nor is it " 'designed to protect defendants' " (id.). By imposing a waiting period, the legislature "sought to enable the court system to meet the special issues that the ensuing litigation was likely to generate" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR 214-g). Indeed, other sections of the CVA required training for judges concerning the sexual abuse of minors to begin three months after the statute's effective date (see Judiciary Law § 219-c; L 2019, ch 11, §§ 9, 12) and the promulgation of rules in anticipation of the commencement of actions on revived claims to take effect three months after the CVA's effective date (see Judiciary Law § 219-d; L 2019, ch 11, §§ 10, 12). The statute read as a whole thus establishes that the six-month waiting period was intended, at least in part, to give the courts ample time to prepare for the inevitable avalanche of cases and not to provide a benefit to defendants.
Although defendant contends that the waiting period must be a condition precedent if it is not a statute of limitations, we conclude that it is neither. Where "a statute creates a cause of action and attaches a time limit to its commencement," timely commencement generally is a substantive part of the cause of action and a condition [*3]precedent to suit (Romano v Romano, 19 NY2d 444, 447 [1967]; see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 378-379 [1999]). In contrast, the CVA, like other claim revival statutes, "temporarily revived certain previously time[-]barred claims—it did not act to create any new causes of action" (Anderson v Eli Lilly & Co., 79 NY2d 797, 799 [1991]). We thus cannot interpret the CVA such that timely commencement of the action "is so incorporated with the remedy given as to make it an integral part of it" (Hill v Rensselaer County, 119 NY 344, 347 [1890]; Clark v Abbott Labs., 155 AD2d 35, 40-41 [4th Dept 1990]).
Our response to the certified question is sufficient to resolve the appeal pending before the Second Circuit, notwithstanding that court's reference in the certified question to "some other affirmative defense" (96 F4th at 546). The Second Circuit explained that it will affirm the District Court's judgment if the six-month waiting period is a statute of limitations or a condition precedent but will, consistent with federal procedural law, treat defendant's timeliness basis for dismissal as forfeited "if the waiting period does not create a statute of limitations or condition precedent" (id.). The answer to whether the waiting period is "some other affirmative defense" therefore would not be "determinative of the cause" as is required for us to answer a certified question (NY Const, art VI, § 3 [b] [9]; see 22 NYCRR 500.27; see also Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 408-409 [2023]).
Accordingly, the certified question should be answered in accordance with this opinion.
Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by the Court pursuant to section 500.27 of this Court's Rules of Practice, certified question answered in accordance with the opinion herein. Opinion by Judge Troutman. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Halligan concur.
Decided February 20, 2025