Jones v Cattaraugus-Little Val. Cent. Sch. Dist. (2025 NY Slip Op 01007)

Jones v Cattaraugus-Little Val. Cent. Sch. Dist.

2025 NY Slip Op 01007 [43 NY3d 337]

February 20, 2025

Troutman, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 23, 2025

[*1]

Brittany N. Jones, Also Known as Brittany N. Finch, Appellant,
v
Cattaraugus-Little Valley Central School District, Respondent.

Argued November 19, 2024; decided February 20, 2025

PROCEDURAL SUMMARY

Proceeding, pursuant to NY Constitution, article VI, § 3 (b) (9) and Rules of the Court of Appeals (22 NYCRR) § 500.27, to review a question certified to the New York State Court of Appeals by the United States Court of Appeals for the Second Circuit. The following question was certified by the United States Court of Appeals and accepted by the New York State Court of Appeals: "Whether the six-month waiting period for claims filed pursuant to the claim-revival provision of New York's Child Victims Act, [CPLR 214-g], establishes a statute of limitations, a condition precedent to bringing suit, or some other affirmative defense."

HEADNOTE

Limitation of Actions
 - Revival of Time-Barred Claims
 - Child Victims Act
 - Six-Month Waiting Period for Filing Claims

The six-month waiting period under the Child Victims Act (CVA) for filing a previously time-barred tort claim based on sex offenses against a child (see CPLR 214-g) is neither a statute of limitations nor a condition precedent. A statute of limitations is a law that bars claims after a specified period, rather than premature claims. Nor does a waiting period like this one further the policies underlying a statute of limitations. Statutes of limitations reflect the legislative judgment that individuals should be protected from stale claims and thus are designed to prevent plaintiffs from sleeping on their legal rights to the detriment of a defendant. The statute read as a whole establishes that the six-month waiting period was intended, at least in part, to give the courts ample time to prepare for the inevitable avalanche of cases and not to provide a benefit to defendants. Moreover, the CVA, like other claim revival statutes, temporarily revived certain previously time-barred claims; it did not act to create any new causes of action. Thus, the CVA cannot be interpreted such that timely commencement of the action is so incorporated with the remedy given as to make it an integral part of it. 

POINTS OF COUNSEL

Appellate Law Group LLC, Radnor, PA (Virginia Hinrichs McMichael, admitted pro hac vice, of counsel), for appellant. I. The New York Child Victims Act's six-month waiting period did not establish a statute of limitations. (Lozano v Montoya Alvarez, 572 US 1; Heimeshoff v Hartford Life & Accident Ins. Co., 571 US 99; Stuart v American Cyanamid Co., 158 F3d 622; Standard Oil Co. v Nippon Shokubai Kagaku Kogyo Co., Ltd., 754 F2d 345.) II. The waiting period is not a condition precedent. (Tanges v Heidelberg N. Am., 93 NY2d 48; Singer v Lilly & Co., 153 AD2d 210.) III. The waiting period is a claim-processing rule. (Henderson v Shinseki, 562 US 428; United States v Kwai Fun Wong, 575 US 402; Stewart v Iancu, 912 F3d 693; Forester v Chertoff, 500 F3d 920; Hamer v Neighborhood Housing Servs. of Chicago, 583 US 17.)
Hodgson Russ LLP, Buffalo (Patrick J. Hines and Alexandria N. Rowen of counsel), for respondent. I. The period for commencing actions defined in CPLR 214-g is a singular provision setting forth a statute of limitations. (Standard Oil Co. v Nippon Shokubai Kagaku Kogyo Co., Ltd., 754 F2d 345; McCarthy v Volkswagen of Am., 55 NY2d 543; Matter of Jenkins v Astorino, 155 AD3d 733; Tauber v Village of Spring Val., 56 AD3d 660; Contact Chiropractic, P.C. v New York City Tr. Auth., 31 NY3d 187.) II. The nonjurisdictional nature of a "claims processing rule" is irrelevant to the certified question. (Gonzalez v Thaler, 565 US 134; Henderson v Shinseki, 562 US 428; Nutraceutical Corp. v Lambert, 586 US 188; Manrique v United States, 581 US 116; Eberhart v United States, 546 US 12.) III. If CPLR 214-g is not a statute of limitations, it must be a condition precedent to suit. (Singer v Lilly & Co., 153 AD2d 210; Gatti Paper Stock Corp. v Erie R.R. Co., 247 App Div 45.)
Hath Rose Schirripa & Cheverie LLP, New York City (Hillary M. Nappi of counsel), and Marci A. Hamilton, CHILD USA, Philadelphia, Pennsylvania (Jessica Schidlow and Carina Nixon of counsel), for CHILD USA, amicus curiae. I. The Court should uphold the New York Child Victims Act's purpose to provide justice to child sex abuse victims and rule the revival provision did not establish an affirmative defense. II. A ruling that the revival provision establishes an affirmative defense would subvert the compelling public policy interests served by the New York Child Victims Act.

{**43 NY3d at 339} OPINION OF THE COURT

Troutman, J.

In 2019, the legislature passed the Child Victims Act (CVA), which provided that previously time-barred tort claims based on sex offenses against children could be brought within a specified time (see CPLR 214-g). As amended, the CVA provided that such a claim "is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after" February 14, 2019—i.e., "the effective date of this section" (id.). In other words, actions on these claims could be commenced "not earlier than" August 14, 2019, and "not later than" August 14, 2021.
In response to a question certified by the United States Court of Appeals for the Second Circuit, we answer that the six-month waiting period preceding August 14, 2019, the date on which previously barred claims could be brought, is neither a statute of limitations nor a condition precedent.
On April 26, 2019, plaintiff commenced a negligence action in state court against defendant, alleging that a teacher employed in one of defendant's schools engaged in unlawful sexual conduct with her in and around 2009 and 2010, when she was a student under age 17, and that, in 2013, as a result of that conduct, the teacher pleaded guilty to rape in the third degree. Defendant removed the case to federal court based on plaintiff's out-of-state residence and filed an answer wherein defendant asserted, among others, an affirmative defense based on the statute of limitations. [*2]Over the next 28 months, defendant filed numerous motions and conducted discovery, demanding medical authorizations from plaintiff and participating in the depositions of at least five witnesses.{**43 NY3d at 340}
On September 3, 2021, defendant moved for summary judgment dismissing the complaint on statute of limitations grounds. Defendant argued, for the first time, that the complaint must be dismissed because plaintiff commenced her action before CPLR 214-g's period for filing claims began. Significantly, defendant filed its motion less than three weeks after the statutory period for filing claims ended, meaning that plaintiff would be unable to recommence a timely action if defendant's motion succeeded. The District Court granted the motion on the ground that plaintiff "commenced this action before the date the New York legislature authorized for the commencement of suits under the CVA" (2022 WL 2124608, *9{**43 NY3d at 9}, 2022 US Dist LEXIS 105107, *24-25 [WD NY, June 13, 2022, 19-CV-707S]). The District Court noted that plaintiff "concedes that she commenced her action prematurely, but argues that this Court should find that [defendant] is equitably estopped from asserting this defense" (2022 WL 2124608, *3, 2022 US Dist LEXIS 105107, *7) and ultimately rejected that defense (see 2022 WL 2124608, *9, 2022 US Dist LEXIS 105107, *25).
The Second Circuit stated that "[c]entral to the district court's decision was its assumption that Jones's premature filing created a valid statute-of-limitations defense for the school district" and opined that resolution of the appeal "turns on whether section 214-g's waiting period is a statute of limitations, since . . . a defendant may litigate a statute-of-limitations defense even as late as trial so long as the defense was timely asserted under Federal Rule of Civil Procedure 8(c)" (96 F4th 539, 541-542 [2d Cir 2024]). The court concluded that the "plain meaning" of "hereby revived" is that "such revival occurred immediately, and without qualification," on the CVA's effective date (id. at 542), and that, "having revived otherwise time-barred claims, the CVA imposed both a start date and an end date for commencing actions thereon, resulting in a two-year filing window" (id. at 543). The court also concluded that the end date was a statute of limitations but was "[l]ess clear" whether the start date was also a statute of limitations (id. at 543-544). The court thus certified the following question to us: "Whether the six-month waiting period for claims filed pursuant to the claim-revival provision of New York's Child Victims Act, [CPLR 214-g], establishes a statute of limitations, a condition precedent to bringing suit, or some other affirmative defense" (id. at 546).
In deciding that claims were revived "immediately" on the CVA's effective date (id. at 542), the Second Circuit decided an{**43 NY3d at 341} open question of New York law concerning the proper statutory interpretation of the CVA. We accept, without endorsing, the Second Circuit's interpretation for purposes of our answer to the question certified. We conclude that the six-month waiting period is neither a statute of limitations nor a condition precedent.
Under defendant's interpretation, the six-month waiting period constitutes a statute of limitations such that actions commenced before the two-year window began—but having already been revived upon the statute's effective date pursuant to the Second Circuit's interpretation of the CVA—are time-barred. But a statute of limitations is "[a] law that bars claims after a specified period" (Black's Law Dictionary [12th ed 2024], statute of limitations [emphasis added]). In other words, a statute of limitations generally bars claims asserted too late, whereas defendant's assertion here is that plaintiff's claim was brought too early. Unsurprisingly, defendant can point us to no precedent in which a statute of limitations barred premature claims.
Nor does a waiting period like this one further the policies underlying a statute of limitations. Statutes of limitations "reflect the legislative judgment that individuals should be protected from stale claims" (McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]; see Lozano v Montoya Alvarez, 572 US 1, 14 [2014]) and thus "are designed to prevent plaintiffs from sleeping on their legal rights to the detriment of a defendant" (Tanges v Heidelberg N. Am., 93 NY2d 48, 55 [1999]). The CVA's six-month waiting period does not "embody a 'policy of repose' " (Lozano, 572 US at 14), nor is it " 'designed to protect defendants' " (id.). By imposing a waiting period, the legislature "sought to enable the court system to meet the special issues that the ensuing litigation was likely to generate" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR 214-g). Indeed, other sections of the CVA required training for judges concerning the sexual abuse of minors to begin three months after the statute's effective date (see Judiciary Law § 219-c; L 2019, ch 11, §§ 9, 12) and the promulgation of rules in anticipation of the commencement of actions on revived claims to take effect three months after the CVA's effective date (see Judiciary Law § 219-d; L 2019, ch 11, §§ 10, 12). The statute read as a whole thus establishes that the six-month waiting period was intended, at least in part, to give the courts ample time to prepare for the inevitable avalanche of cases and not to provide a benefit to defendants.{**43 NY3d at 342}
Although defendant contends that the waiting period must be a condition precedent if it is not a statute of limitations, we conclude that it is neither. Where "a statute creates a cause of action and attaches a time limit to its commencement," timely commencement generally is a substantive part of the cause of action and a condition [*3]precedent to suit (Romano v Romano, 19 NY2d 444, 447 [1967]; see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 378-379 [1999]). In contrast, the CVA, like other claim revival statutes, "temporarily revived certain previously time[-]barred claims—it did not act to create any new causes of action" (Anderson v Eli Lilly & Co., 79 NY2d 797, 799 [1991]). We thus cannot interpret the CVA such that timely commencement of the action "is so incorporated with the remedy given as to make it an integral part of it" (Hill v Rensselaer County, 119 NY 344, 347 [1890]; Clark v Abbott Labs., 155 AD2d 35, 40-41 [4th Dept 1990]).
Our response to the certified question is sufficient to resolve the appeal pending before the Second Circuit, notwithstanding that court's reference in the certified question to "some other affirmative defense" (96 F4th at 546). The Second Circuit explained that it will affirm the District Court's judgment if the six-month waiting period is a statute of limitations or a condition precedent but will, consistent with federal procedural law, treat defendant's timeliness basis for dismissal as forfeited "if the waiting period does not create a statute of limitations or condition precedent" (id.). The answer to whether the waiting period is "some other affirmative defense" therefore would not be "determinative of the cause" as is required for us to answer a certified question (NY Const, art VI, § 3 [b] [9]; see 22 NYCRR 500.27; see also Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 408-409 [2023]).
Accordingly, the certified question should be answered in accordance with this opinion.
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Halligan concur.
Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by the Court pursuant to section 500.27 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.27), certified question answered in accordance with the opinion herein.