John Doe - 18126 v Young People's Chorus of N.Y. City (2025 NY Slip Op 03157)

John Doe - 18126 v Young People's Chorus of N.Y. City

2025 NY Slip Op 03157

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Moulton, Rodriguez, Rosado, JJ. 

Index No. 950728/20|Appeal No. 3063-3063A|Case No. 2023-06037|

[*1]John Doe - 18126, Plaintiff-Respondent,
v
Young People's Chorus of New York City, et al., Defendants-Appellants, DOES 1-5, Defendants.

Moses & Singer LLP, New York (Philippe Zimmerman of counsel), for Young People's Chorus of New York City and The Young People's Chorus of New York City, Inc., appellants.
Cohen & Gresser LLP, New York (Stephen M. Sinaiko of counsel), for The Children's Aid Society, appellant.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered October 30, 2023, which, insofar as appealed from as limited by the briefs, denied the motion of defendant The Children's Aid Society doing business as Children's Aid, to dismiss the amended complaint in its entirety, unanimously affirmed, without costs. Appeal from so much of the same order as denied the motion of Young People's Chorus of New York City and The Young People's Chorus of New York City, Inc. to dismiss, unanimously dismissed, without costs, as moot.
We find that plaintiff's amended complaint was timely filed. His motion to amend his complaint, coupled with a copy of the supplemental summons and amended complaint, was undisputedly filed prior to the expiration of the limitations period for filing his action based on the Child Victims Act (CPLR 214-g), and thus dismissal would be "inappropriate and would offend the CPLR's liberal policies" (Perez v Paramount Communications, 92 NY2d 749, 754 [1999]; see generally A.S. v Erie County, 219 AD3d 1694 [4th Dept 2023]. We find that Children's Aid's assertion that the period set forth in CPLR 214-g for revival of claims constitutes a condition precedent has been foreclosed by the recent Court of Appeals decision in Jones v Cattaraugus-Little Val. Cent. Sch. Dist. ( _NY3d _, 2025 NY Slip Op 01007, *2 [2025]).
The court properly denied Children's Aid's motion to dismiss plaintiff's claims of negligence, negligent hiring and investigation, negligent training and supervision, and negligent retention (collectively, negligent employment), arising from his allegation that he was sexually abused in 1997 as a child by defendants' employee. Plaintiff alleges, among other things, that defendants knew or should have known of the employee's propensities for engaging in child sexual abuse, failed to report known or suspected abuse by the employee to law enforcement, and failed to do a proper pre- hiring investigation of the employee.
Contrary to Children's Aid's argument, plaintiff does have well-pleaded negligent employment claims cognizable at law. Plaintiff's allegations are sufficient to put it on notice of his claim that it negligently hired, trained, supervised, and retained the employee who, plaintiff alleges, sexually assaulted him, and that it knew or should have known of the employee's propensity to commit sexual abuse. Plaintiff can amplify his allegations in his bill of particulars (see Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410, 411 [1st Dept 2021]; JG v Goldfinger, 161 AD3d 640, 641 [1st Dept 2018]). Moreover, "at this pre-answer stage of the litigation, such information as to knowledge is in the sole possession and control of the movant," and dismissal was properly denied (G.T. v Roman Catholic Diocese of Brooklyn, N.Y., 211 AD3d 413, 413 [1st Dept 2022]).
The appeal by Young People's Chorus of New York City and The Young People's Chorus of New York City, Inc., is dismissed as moot, as the underlying action has been [*2]discontinued as to them (see Oscar Blandi Salon, Inc. v Joseph E. Marx Co., Inc., 213 AD3d 615 [1st Dept 2023]).
We have considered Children's Aid's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025